<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PRODUCEGPO LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PROOF FRESH INC., a Delaware corporation; MAURICIA VERGARA A/K/A MAURY VERGARA, an individual; DANIEL G. DELGADO, an individual; HILARY DELGADO, an individual; PROOF LOGISTICS GROUP INC., a New Jersey corporation; and PROOF FINANCE INC., a Florida corporation,<br><br>Defendants. | Civil Action No. 24-8915<br><br>**OPINION & ORDER**<br><br>September 4, 2024 |

**SEMPER**, District Judge.

This is an action for non-payment of certain invoices for the sale of perishable food products, that is, produce, in violation of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq* (hereinafter "PACA"). Presently before the Court is a motion by Plaintiff PRODUCEGPO LLC ("Plaintiff" or "GPO") seeking an order to show cause for preliminary injunction with temporary restraints, filed on an *ex parte* basis by Plaintiff on September 3, 2023. The Court has reviewed the papers and concludes that Plaintiff has not demonstrated, as required by Local Civil Rule 65.1, that issuance of emergency relief, without notice to Defendants, is warranted or that the Court should proceed to consider the application for injunctive relief on an expedited basis, by order to show cause, as requested by Plaintiff.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff initiated the instant matter on September 3, 2024 by filing a Complaint (ECF 1, "Compl.") and *Ex Parte* Motion for Temporary Restraining Order, expedited discovery, and Preliminary Injunction (ECF 1-2, "Motion").

Plaintiff alleges that on February 23, 2024, Proof Fresh executed GPO's Application for Credit. (Compl. ¶ 6.) On or about February 23, 2024 and March 4, 2024, GPO and Defendant "(Proof Fresh)" entered into contracts for (a) GPO to sell and deliver to Proof Fresh tomatoes in interstate commerce, and (b) Proof Fresh to pay GPO $45,233.75 for the tomatoes ("Transactions"). (*Id*. ¶ 7.) Despite receiving and accepting the tomatoes and receiving the invoices from GPO, Proof Fresh failed to pay GPO. (*Id*. ¶ 12.) After reducing the outstanding balance by $546.00 for an unrelated load, GPO contends Proof Fresh owes $45,233.75, plus interest at 18% per year from the date each transaction became due, attorneys' fees, and costs. (*Id*. ¶ 13.)

According to the Complaint, during the transactions, GPO and Proof Fresh were dealers subject to PACA and held valid PACA licenses issued by the USDA. (*Id*. ¶¶ 27, 29.) Additionally, the Complaint alleges that when Proof Fresh received the tomatoes, it became a trustee under the PACA Trust and GPO became eligible to participate in the PACA Trust. (*Id*. ¶ 28.) As a result, GPO alleges they are an unpaid produce supplier and seller and are entitled to PACA Trust protection and payment from Proof Fresh's assets that are subject to the PACA Trust. (*Id*. ¶ 32.)

In its application for temporary restraints, GPO claims that Proof Fresh is "having financial difficulties and does not have the fund [sic] to pay GPO. Thus, giving Proof Fresh notice of the Ex-Parte application for Temporary Restraining Order will only provide it with warning that this

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1, Compl.) and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF 1-2, "Motion").

Court may enter an Order and an opportunity to further dissipate any PACA Trust Assets." (ECF 1-2, Motion at 11; ECF 1-3, Becerril Decl. ¶ 37.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs the issuance of temporary restraining orders and preliminary injunctions. In the Third Circuit, the four requirements Plaintiffs must satisfy to obtain the emergent injunctive relief sought are:

> (1) a reasonable probability of eventual success in the litigation, and (2) that [they] will be irreparably injured . . . if relief is not granted . . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017), *as amended* (June 26, 2017) (citing *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974) (internal citations omitted)). The Third Circuit has also made clear that "[p]reliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir.1994)).

Critically, District of New Jersey Local Civil Rule 65.1 states that "no order to show cause to bring on a matter for hearing will be granted except on a clear and specific showing by affidavit or verified pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary." L. Civ. R. 65.1. Under the rule, an order to show cause may include temporary restraints "only under the conditions set forth in Fed. R. Civ. P. 65(b)." *Id.* Federal Rule of Civil Procedure 65(b) provides that a temporary restraining order may be issued without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the

3

movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why notice should not be required." Fed. R. Civ. P. 65(b).

### III.  ANALYSIS

Congress enacted PACA "to promote fair trading practices in the produce industry." *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 135 (3d Cir. 2000) (citation omitted). Under PACA, all "perishable agricultural commodities, inventories of food or other derivative products, and any receivables or proceeds from the sale of such commodities or products, are to be held in a non-segregated floating trust for the benefit of unpaid sellers." Id. at 136; see also 7 U.S.C. § 499e(c). A PACA trust "is created by operation of law upon the purchase of such goods, and the produce buyer is the statutory trustee." *Tanimura*, 222 F.3d at 136. "To protect the assets of the trust, the unpaid supplier must give the trustee written notice of intent to preserve the trust within thirty calendar days after payment was due ... Alternatively, the unpaid seller may provide notice of intent through its ordinary and usual billing or invoice statements." *Id*. (citing 7 U.S.C. § 499e(c)(4)).

A buyer or trustee violates PACA if it fails to maintain the PACA trust or fails to "make full payment promptly" to the seller or trust beneficiary. 7 U.S.C. § 499b(4). Buyers are also "required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities"—any act of omission inconsistent with this responsibility, including dissipation of trust assets, is prohibited. 7 C.F.R. § 46.46(d)(1). Dissipation of trust assets is defined as any act or omission that could result in the diversion of trust assets or the impairment of a seller's ability to recover money owed. *Id*. at § 46.46(b)(2).

Here, Plaintiff has not made the requisite showing of "immediate and irreparable injury" if an *ex parte* temporary restraining order does not issue to protect Plaintiff's interests in PACA Trust assets. In support of its application, Plaintiff submits the declaration of one of its authorized agents, who states in part: "[b]ased on Proof Fresh's actions or inactions and request for a payment arrangement, I believe that Proof Fresh has failed to maintain sufficient trust assets to satisfy its PACA Trust obligations to GPO and other unpaid produce suppliers and sellers with PACA Trust claims." (ECF 1-3, Becerril Decl. ¶ 37.) However, "[t]he mere assertion of nonpayment does not indicate the insufficiency or misuse of PACA Trust assets." *Frank Gargiulo & Son, Inc. v. Brownstone House, Inc.*, No. 20-12433, 2020 WL 5542779, at *1 (D.N.J. Sept. 16, 2020). Indeed, there has been no clear factual showing of dissipation such that a temporary restraining order is necessary to prevent Plaintiff from suffering irreparable and immediate injury.

Moreover, Plaintiff fails to make a clear and specific showing why its application for injunctive relief should proceed by way of order to show cause. The alleged failure to pay in violation of PACA concerns deliveries made by GPO to Defendants between February and March 2024 (*See* ECF 1, Compl. ¶ 11.) This concerns conduct which has occurred over the course of several months, belying Plaintiff's assertion that its application should proceed in an expedited manner rather than on motion, with notice to the opposing party.

Notwithstanding Plaintiff's failure to show that emergency relief is warranted under the local rules, the Court will deem Plaintiff's application to proceed by order to show cause with temporary restraints as a motion for preliminary injunction and will set a briefing schedule in accordance with Local Civil Rule 7.1.

## IV. CONCLUSION AND ORDER

For the reasons set forth above, **IT IS** on this 4th day of September, 2024,

**ORDERED** that, pursuant to Local Civil Rule 65.1, Plaintiff's application for a temporary restraining order is **DENIED**; and it is further;

**ORDERED** that Plaintiff's filing at ECF 1-2 shall be deemed a Motion for Preliminary Injunction and accordingly placed by the Clerk of Court on the active motion calendar, pursuant to Local Civil Rule 7.1; and it is further

**ORDERED** that Plaintiff shall effect personal service of the Complaint, Motion for Preliminary Injunction, and this Order on Defendants on or before **September 27, 2024**; and it is further

**ORDERED** that Defendants shall file opposition to the Motion for Preliminary Injunction on or before **October 7, 2024**; and it is further

**ORDERED** that Plaintiff's reply in further support of its motion shall be filed on or before **October 15, 2024**; and it is further

**ORDERED** that Plaintiff's motion shall be decided on the papers unless the Court notifies the parties that oral argument has been scheduled

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc:  Leda D. Wettre, U.S.M.J.
     Parties